**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 07-4262

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

WILFREDO TORRES-MORENO, a/k/a Wilson Maldonado
Fuentes, a/k/a Manuel De Jesus,

Defendant - Appellant.

Appeal from the United States District Court for the Middle
District of North Carolina, at Durham. James A. Beaty, Jr., Chief
District Judge. (1:06-cr-00345-JAB)

Submitted: August 3, 2007          Decided: August 17, 2007

Before GREGORY and DUNCAN, Circuit Judges, and WILKINS, Senior
Circuit Judge.

Affirmed by unpublished per curiam opinion.

Louis C. Allen III, Federal Public Defender, William S. Trivette,
Assistant Federal Public Defender, Greensboro, North Carolina, for
Appellant.  Angela Hewlett Miller, OFFICE OF THE UNITED STATES
ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Wilfredo Torres-Moreno appeals the seventy-six-month sentence imposed by the district court after he pled guilty to illegally reentering the United States after being deported as an aggravated felon, in violation of 8 U.S.C. § 1326(a), (b)(2) (2000). Torres-Moreno's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), challenging Torres-Moreno's sentence but stating that, in his view, there are no meritorious issues for appeal. Torres-Moreno was informed of his right to file a pro se supplemental brief but has not done so. We affirm.

Counsel questions whether Torres-Moreno's sentence is too long and suggests that a lower sentence would serve the ends of justice. In imposing a sentence after United States v. Booker, 543 U.S. 220 (2005), a court still must calculate the applicable guideline range after making the appropriate findings of fact and consider the range in conjunction with other relevant factors under the guidelines and 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2007). United States v. Moreland, 437 F.3d 424, 432 (4th Cir.), cert. denied, 126 S. Ct. 2054 (2006). This court will affirm a post-Booker sentence if it "is within the statutorily prescribed range and is reasonable." Id. at 433 (internal quotation marks and citation omitted). "[A] sentence within the proper advisory Guidelines range is presumptively reasonable." United States v.

Johnson, 445 F.3d 339, 341 (4th Cir. 2006); see Rita v. United States, 127 S. Ct. 2456, 2462-69 (2007) (upholding application of rebuttable presumption of reasonableness to within-guidelines sentence).

The district court sentenced Torres-Moreno only after considering and examining the sentencing guidelines and the § 3553(a) factors, as instructed by Booker. In addition, Torres-Moreno's seventy-six-month sentence is well within the twenty-year statutory maximum sentence. See 8 U.S.C. § 1326(b)(2). Finally, neither Torres-Moreno nor the record suggests any information so compelling that it rebuts the presumption that a sentence within the properly calculated guideline range is reasonable. We therefore conclude that the sentence is reasonable.

In accordance with Anders, we have reviewed the entire record for any meritorious issues and have found none. Accordingly, we affirm the district court's judgment. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the

materials before the court and argument would not aid the decisional process.

AFFIRMED